J-S05041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

CARL WAYNE MORRISON,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1986 MDA 2014

Appeal from the PCRA Order February 13, 2015
in the Court of Common Pleas of Perry County
Criminal Division at No.: CP-50-CR-0000025-2012

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED FEBRUARY 17, 2016**

Appellant, Carl Wayne Morrison, appeals *pro se* from the order entered February 13, 2015[1] denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and granting PCRA counsel leave to withdraw from representation.  We affirm.

We take the facts and procedural history in this case from this Court's June 4, 2013 memorandum on direct appeal and our review of the certified record.  On January 1, 2012, Appellant was arrested and charged with persons not to possess a firearm, carrying a firearm without a license,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect the PCRA court's order entered February 13, 2015, which denied Appellant's PCRA petition and granted counsel leave to withdraw.  **See** Pa.R.Crim.P. 910.

terroristic threats, simple assault, recklessly endangering another person, disorderly conduct, harassment, and public drunkenness. The charges stemmed from a domestic violence incident where:

> Appellant, who was intoxicated, [] threatened to kill [Blaine and Elizabeth Morrison], . . . retrieved a rifle and a shotgun from the garage and struck Blaine Morrison in the chin and ribs with the guns. Blaine Morrison was able to disarm Appellant. However, Appellant left the residence and returned with a handgun, which he repeatedly shoved into Elizabeth Morrison's temple before firing it into a wood pile. Appellant then put the handgun in his mouth and pulled the trigger, but the gun did not discharge, whereupon Appellant retrieved the rifle that Blaine Morrison had taken from him, and fired a shot through the floor before leaving the residence with the weapons.

(**Commonwealth v. Morrison**, 1815 MDA 2012, unpublished memorandum at *2 (Pa. Super. filed June 4, 2013) (record citations omitted)).

On August 13, 2012, Appellant entered a *nolo contendere* plea to one count of persons not to possess firearms[2] and three counts of recklessly endangering another person.[3] (**See** N.T. Plea Hearing, 8/13/15, at 3-5, 8). During the plea colloquy, the trial court informed Appellant that: "the persons not to possess is a felony of the second degree. The maximum could be up to ten years[.]" (**Id.** at 4) (some capitalization omitted). The court further informed him that the three counts of recklessly endangering another person are graded as "[misdemeanors of the second degree]. They

---

[2] **See** 18 Pa.C.S.A. § 6105(a)(1).

[3] **See** 18 Pa.C.S.A. § 2705.

could each be punishable by the maximum of two years[.]" (*Id.* at 5). On September 5, 2012, Appellant was sentenced to an aggregate term of not less than eight nor more than sixteen years' imprisonment.

Appellant filed a timely post-sentence motion, seeking reconsideration of the sentence, permission to withdraw his plea, and credit for time served. The trial court granted the motion solely to the extent Appellant sought credit for time served. Appellant then filed a direct appeal. A panel of this Court affirmed the judgment of sentence on June 4, 2013. (*See Morrison*, *supra* at *10).

On May 23, 2014, Appellant filed his first PCRA petition *pro se*. On June 5, 2014, the court appointed counsel to represent Appellant. On September 19, 2014, counsel petitioned to withdraw from representation and submitted a *Turner/Finley*[4] "no merit" letter. On September 22, 2014, the PCRA court entered an order granting counsel's petition to withdraw and notifying Appellant of its intent to dismiss the petition without a hearing. (*See* Order, 9/22/14); *see also* Pa.R.Crim.P. 907(1). On October 10, 2014, Appellant submitted objections to the court's order. On October 24, 2014, the PCRA court entered an order that denied Appellant's objections and granted counsel leave to withdraw from representation. (*See* Order,

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

10/24/14). On November 17, 2014, Appellant filed a notice of appeal from the October 24, 2014 order.[5]

On January 26, 2015, the PCRA court entered an order in an effort to comply with Rule 1925(a) referencing its order of September 22, 2014 and noting that Appellant had not filed a concise statement of errors complained of on appeal.[6] (**See** Order, 1/26/15); **see also** Pa.R.A.P. 1925(a). The

_____

[5] A PCRA court's order granting counsel leave to withdraw from representation is not a final order from which an appeal may be taken. **See** Pa.R.A.P. 341. The PCRA court purportedly granted counsel leave to withdraw from representation in three separate orders. (**See** Order, 9/22/14 (granting petition to withdraw, giving Rule 907 notice of intent to dismiss petition, and advising Appellant that he had right to respond); Order, 10/24/14 (denying Appellant's objections and granting counsel leave to withdraw from representation); Order, 2/13/15 (dismissing and denying PCRA petition, granting counsel leave to withdraw from representation, and notifying Appellant of his right to appeal)).

Accordingly, Appellant's notice of appeal was prematurely filed, after the court gave notice of its intent to enter a final order dismissing the petition, but before it actually did so. Nevertheless, we treat Appellant's notice of appeal as properly filed. **See** Pa.R.A.P. 905(a)(5) (providing that notices of appeal filed before the entry of an appealable order shall be treated as timely filed after such entry and on the day thereof).

[6] On November 24, 2014, the PCRA court (even though it had not yet ruled on the petition) ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Our review of the record reveals that Appellant has never complied with the court's order to file a concise statement of matters complained of on appeal.

Therefore, we could find waiver of Appellant's issues because of his failure to file a statement of errors. **See** Pa.R.A.P. 1925(b)(4)(vii). However, because the court had not yet entered an appealable final order ruling on Appellant's petition when it entered its order directing him to file a Rule 1925(b) statement, we address Appellant's issues on the merits.

- 4 -

court then explained that it believed it committed no abuse of discretion or error of law in dismissing Appellant's petition and, therefore, it would not draft any further memorandum.[7] (**See id.**). Finally, on February 13, 2015, the PCRA court entered an order denying and dismissing Appellant's PCRA petition and, again, granting PCRA counsel leave to withdraw. (**See** Order, 2/13/15).

Appellant's *pro se* brief consists of a single handwritten letter to the Superior Court in which Appellant raises one issue:

> I. [Whether Appellant's sentence was illegal because he] pled *nolo contendere* . . . to a [felony of the third degree,] firearms not to be carried without a license[,] . . . but [] was wrongfully-sentenced to a [felony of the second degree,] person not to possess a firearm[?]

(Appellant's Brief, at 1).

Preliminarily, we note Appellant's brief does not contain any argument, statement of questions involved, or any citation to the record or relevant legal authority and thus fails to comport with the requirements of the rules of appellate procedure. **See** Pa.R.A.P. 2111-2119; **see also** Pa.R.A.P. 2101 (providing for quashal of matters where substantial defects exist in appellant's brief). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with

---

[7] At that time the PCRA court had not yet entered an order dismissing Appellant's petition.

the procedural rules set forth in the Pennsylvania Rules of the Court."

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003),

*appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted). However,

although Appellant's brief is defective, in the interest of judicial economy, we

will address his argument to the extent we are able to discern it. ***See id.***

Our standard of review for an order dismissing a PCRA petition is well-

settled:

> We review an order dismissing a petition under the PCRA
> in the light most favorable to the prevailing party at the PCRA
> level. This review is limited to the findings of the PCRA court
> and the evidence of record. We will not disturb a PCRA court's
> ruling if it is supported by evidence of record and is free of legal
> error. This Court may affirm a PCRA court's decision on any
> grounds if the record supports it. Further, we grant great
> deference to the factual findings of the PCRA court and will not
> disturb those findings unless they have no support in the record.
> However, we afford no such deference to its legal conclusions.
> Where the petitioner raises questions of law, our standard of
> review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

Here, the record belies Appellant's claim that he pleaded *nolo*

*contendere* to a felony of the third degree and yet the trial court sentenced

him based on a felony of the second degree. Our review of the plea hearing

transcript reveals that the prosecutor correctly identified the firearms charge

to which Appellant was pleading *nolo contendere* "a felony of the **second**

**degree**". (***See*** N.T. Plea Hearing, 8/13/15, at 2) (some capitalization

omitted; emphasis added). Notably, Appellant then specifically asked about

- 6 -

the maximum sentence for "the **F2** [(felony of the **second degree**)], person not to possess[.]" (***Id.*** at 4) (some capitalization omitted; emphasis added). The trial court explained "The persons not to possess is a felony of the **second degree**. The maximum could be up to ten years, five to ten years, and [] the fine could be up to $25,000.00." (***Id.*** at 4 (some capitalization omitted; emphasis added); ***see also*** Commonwealth's Brief, at 2-3).

This colloquy confirms that contrary to his claim on appeal, Appellant was fully aware that the charge at issue was a felony of the second degree. (***See*** N.T. Plea Hearing, 8/13/15, at 2, 4) (noting *nolo* plea was a felony of the second degree). Accordingly, Appellant's claim does not merit relief. ***See Ford***, ***supra*** at 1194.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016